UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID H. BLUNT,                                                              6:12-0788-TC

                Plaintiff,

       v.                                           FINDINGS AND RECOMMENDATION

CITY OF SALEM,

                Defendant.

COFFIN, Magistrate Judge:

      Plaintiff, who is proceeding pro se (without counsel) brings this action against the City of Salem under 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990. (#1). Plaintiff alleges that he designed and partially built a new roof on his home in Salem, Oregon to fix a chronically leaking roof. When his project was almost finished, a City of Salem inspector issued a stop work order. After years of arguments regarding the project, the City of Salem requested and was granted an order of demolition at a Salem City Council meeting in November 2008. Plaintiff claims that he was denied due process at the Council meeting because the City did not accommodate his hearing loss. Plaintiff unsuccessfully appealed the demolition order to the Marion County Circuit

Page 1 - FINDINGS AND RECOMMENDATION

Court and to the Oregon Court of Appeals. Plaintiff appealed to the Oregon Supreme Court, but declined to prosecute his appeal because the City had demolished his house while the appeal was pending and plaintiff decided to "seek legal remedies elsewhere." (#1 at *6). Two years later, in May 2012, plaintiff filed this action. The City moves to dismiss plaintiff's claims on the grounds that they are barred by the Rooker-Feldman doctrine. (#5).

## Discussion

As a general rule, this court may not exercise appellate jurisdiction over state court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). In short, the Rooker-Feldman doctrine provides that:

> a losing party in state court is barred from seeking what in substance would be appellate review of the state judgement in a United States District Court, based on the losing party's claim that the state judgement itself violates the loser's rights.

Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1988). Of course, the Rooker-Feldman doctrine does not apply to general constitutional challenges–challenges that do not require review of a final state court decision of a particular case. Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001).

Here, the record establishes that the City held a hearing regarding the demolition of plaintiff's home on November 2008. Plaintiff unsuccessfully appealed the demolition order to the Marion County Circuit Court and then to the Oregon Court of Appeals. Plaintiff's appeal was pending in the Oregon Supreme Court when his house was demolished. Once his house was demolished, plaintiff notified the Oregon Supreme Court that he would not be pursuing his appeal because "this is a bell that cannot be un-rung" and he would have "to seek legal remedies elsewhere." (#1 at *6). At each level of review, plaintiff raised or could have raised the same claims he makes in this lawsuit

in state court. Specifically, instead of abandoning his appeal in the Oregon Supreme Court, plaintiff could have pursued his claims there. Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the Supreme Court. Feldman, 460 U.S. at 482-83; Bennett, 140 F.3d at 1223 (noting that the rationale behind the Rooker-Feldman doctrine "is that the only federal court with the power to hear appeals from state courts is the United States Supreme Court").

Plaintiff asserts that, despite abandoning his appeal to the Oregon Supreme Court, the Rooker-Feldman doctrine does not apply here because "there was no final ruling from the Oregon Supreme Court on [his] efforts to get a fair hearing on the merits to get a permit from the Defendants to complete the necessary work on [his] house." (#12 at 1). There is, however, no requirement that the final ruling be from the state's supreme court before the doctrine applies. Instead, the doctrine applies when a plaintiff presents constitutional claims to a federal court that are "inextricably intertwined" with the state court's final decision. Napolitano, 252 F.2d at 1029. Such is the case here as plaintiff is asking this court to review the City's demolition of his house, which was the subject of his state court appeals. In short, the plaintiff is essentially asking the federal court to review the state court's ruling. Id.

**Conclusion**

For the above discussed reasons, I find that the Rooker-Feldman doctrine bars plaintiffs claims and recommend that this court grant defendant's motion to dismiss. The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's

order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

IT IS SO ORDERED

DATED this 2 day of October 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 4 - FINDINGS AND RECOMMENDATION